# EXHIBIT A

# (Proposed Order)

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| KONA GRILL, INC., et al.,[1] | ) | Case No.: 19-10953 (___) |
| | ) | Joint Administration Requested |
| Debtors. | ) | |
| | ) | |

**ORDER (I) AUTHORIZING THE DEBTORS
FILE (A) CONSOLIDATED LIST OF CREDITORS AND
(B) CONSOLIDATED LIST OF DEBTORS TOP THIRTY UNSECURED
CREDITORS; (II) WAIVING THE RIGHT TO FILE A LIST OF EQUITY
SECURITY HOLDERS; AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (the "Debtors"), for entry of an order pursuant to sections 105 and 521 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 1001-1(c) and 1007-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") (i) authorizing the Debtors to file (a) a consolidated list of creditors in lieu of submitting separate mailing matrices for each Debtor and (b) a consolidated list of the Debtors' thirty (30) largest unsecured creditors; (ii) waiving the requirement to file a list of equity security holders; and (iii) granting related

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers include: Kona Grill, Inc. (6690); Kona Restaurant Holdings, Inc. (6703); Kona Sushi, Inc. (4253); Kona Macadamia, Inc. (2438); Kona Texas Restaurants, Inc. (4089); Kona Grill International Holdings, Inc. (1841); Kona Baltimore, Inc. (9163); Kona Grill International, Inc. (7911); and Kona Grill Puerto Rico, Inc. (7641). The headquarters and service address for the above-captioned Debtors is 15059 North Scottsdale Road, Suite 300, Scottsdale, Arizona 85254.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

DOCS_LA:321274.1 50045/001

relief; and upon consideration of the First Day Declaration; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion and the First Day Declaration establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors, and the parties in interest; and upon the record in these proceedings; and after due deliberation;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED.

2. The requirement of Local Rule 2002-1(f)(v) that separate mailing matrices be submitted for each Debtor is permanently waived.

3. The Debtors are authorized to submit a consolidated list of their top thirty (30) unsecured creditors, provided, however, in the event of conversion of the Debtors' chapter 11 cases to cases under chapter 7, the Debtors will provide the Clerk of the Court with an unconsolidated list of creditors within ten (10) days of such conversion.

4. The requirement that the Debtors file a list of their equity security holders under Bankruptcy Rule 1007(a)(3) is permanently waived.

5. Notwithstanding any provision in the Federal Rules to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

6. The Court retains jurisdiction with respect to all matters arising from or related to the interpretation, implementation or enforcement of this Order

Dated: _____, 2019

_____
UNITED STATES BANKRUPTCY JUDGE