## EXHIBIT A

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| KONA GRILL, INC., et al.,[1] | ) Case No. 19-10953 (   ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) Re: Docket No. __ |

**ORDER (I) APPROVING THE RETENTION OF EPIQ CORPORATE RESTRUCTURING, LLC AS THE CLAIMS AND NOTICING AGENT TO THE DEBTORS, EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE, AND (II) GRANTING RELATED RELIEF**

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"): (a) approving the retention and appointment of Epiq Corporate Restructuring, LLC ("Epiq") as the Claims and Noticing Agent, under section 156(c) of the Judicial Code, section 105(a) of the Bankruptcy Code, Local Rule 2002-1(f), and the Claims Agent Protocol, to, among other things, (i) distribute required notices to parties in interest, (ii) receive, maintain, docket, and otherwise administer the proofs of claim filed in the Debtors' cases, and (iii) provide such other administrative services, as required by the Debtors and approved by the Court, that would fall within the purview of services to be provided by the Clerk's office; and (b) granting related relief; all as more fully set forth in the Application; and upon the First Day Declaration; and this Court having jurisdiction over this

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers include: Kona Grill, Inc. (6690); Kona Restaurant Holdings, Inc. (6703); Kona Sushi, Inc. (4253); Kona Macadamia, Inc. (2438); Kona Texas Restaurants, Inc. (4089); Kona Grill International Holdings, Inc. (1841); Kona Baltimore, Inc. (9163); Kona Grill International, Inc. (7911); and Kona Grill Puerto Rico, Inc. (7641). The headquarters and service address for the above-captioned Debtors is 15059 North Scottsdale Road, Suite 300, Scottsdale, Arizona 85254.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

DOCS_LA:321311.2 50045/001

the Application; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is granted as set forth herein.

2. Notwithstanding the terms of the Services Agreement attached to the Application, the Application is approved solely as set forth in this Order.

3. The Debtors are authorized to retain Epiq, effective *nunc pro tunc* to the Petition Date, under the terms of the Services Agreement, and Epiq is authorized and directed to perform noticing services and to receive, maintain, record, and otherwise administer the proofs of claim filed in these cases, and all related tasks, all as described in the Application (the "Claims and Noticing Services").

4. Epiq shall serve as the custodian of court records and shall be designated as the authorized repository for all proofs of claim filed in these cases and is authorized and directed to

maintain official claims registers for each of the Debtors and to provide the Clerk with a certified duplicate thereof upon the request of the Clerk.

5. Epiq is authorized and directed to obtain a post office box or address for the receipt of proofs of claim.

6. Epiq is authorized to take such other action to comply with all duties set forth in the Application.

7. The Debtors are authorized to compensate Epiq in accordance with the terms of the Services Agreement upon the receipt of reasonably detailed invoices setting forth the services provided by Epiq and the rates charged for each, and to reimburse Epiq for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for Epiq to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses.

8. Epiq shall maintain records of all services showing dates, categories of services, fees charged, and expenses incurred, and shall serve monthly invoices on the Debtors, the Office of the United States Trustee for the District of Delaware, counsel for the Debtors, counsel for an official committee, if any, monitoring the expenses of the Debtors, and any party in interest who specifically requests service of the monthly invoices.

9. The parties shall meet and confer in an attempt to resolve any dispute which may arise relating to the Services Agreement or monthly invoices, and that the parties may seek resolution of the matter from the Court if resolution is not achieved.

10. Notwithstanding any term in the Services Agreement to the contrary, the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order during the pendency of the chapter 11 cases.

11. Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of Epiq under this Order shall be an administrative expense of the Debtors' estates.

12. Epiq may apply its retainer to all prepetition invoices, which retainer shall be replenished to the original retainer amount of $25,000, and thereafter, Epiq may hold its retainer under the Services Agreement during the chapter 11 cases as security for the payment of fees and expenses incurred under the Services Agreement.

13. The Debtors shall indemnify Epiq under the terms of the Services Agreement, as modified pursuant to this Order.

14. Epiq shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Services Agreement for services other than the services provided under the Services Agreement, unless such services and the indemnification, contribution, or reimbursement therefor are approved by the Court.

15. Notwithstanding anything to the contrary in the Services Agreement, the Debtors shall have no obligation to indemnify Epiq, or provide contribution or reimbursement to Epiq, for any claim or expense that is either: (a) judicially determined (the determination having become final) to have arisen from Epiq's gross negligence, willful misconduct, or fraud; (b) for a contractual dispute in which the Debtors allege the breach of Epiq's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (c) settled prior to a judicial determination under (a) or (b), but determined by this Court, after notice and a hearing, to be a claim or expense for which Epiq should not receive indemnity, contribution, or reimbursement under the terms of the Services Agreement as modified by this Order.

4

16. If, before the earlier of (a) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), or (b) the entry of an order closing these cases, Epiq believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Services Agreement (as modified by this Order), including without limitation the advancement of defense costs, Epiq must file an application therefor in the Court, and the Debtors may not pay any such amounts to Epiq before the entry of an order by this Court approving the payment. This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Epiq for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Epiq. All parties in interest shall retain the right to object to any demand by Epiq for indemnification, contribution, or reimbursement.

17. In the event Epiq is unable to provide the services set out in this Order, Epiq will immediately notify the Clerk and Debtors' counsel and, upon approval of the Court, cause to have all original proofs of claim and computer information turned over to another claims and noticing agent with the advice and consent of the Clerk and the Debtors' counsel.

18. Epiq shall not cease providing the Claims and Noticing Services during these cases for any reason without prior order of the Court authorizing Epiq to do so.

19. After entry of an order terminating Epiq's services as the Notice and Claims Agent, upon the closing of these cases, or for any other reason, Epiq shall be responsible for archiving all proofs of claim with the Federal Archives Record Administration, if applicable.

20. In the event of any inconsistency between the Services Agreement, the Application, and this Order, this Order shall govern.

21. Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

22. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

23. The Debtors and Epiq are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application and Services Agreement.

24. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2019  
Wilmington, Delaware

THE HONORABLE _____  
UNITED STATES BANKRUPTCY JUDGE