## EXHIBIT C

**Tran Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| KONA GRILL, INC., et al.,[1] | ) | Case No. 17-12100 (LSS) |
| | ) | |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

**DECLARATION OF KATHRYN TRAN IN SUPPORT OF**
**THE DEBTORS' APPLICATION FOR ENTRY OF AN ORDER**
**PURSUANT TO 28 U.S.C. § 156(c) (I) APPROVING THE RETENTION**
**AND APPOINTMENT OF EPIQ CORPORATE RESTRUCTURING, LLC AS**
**THE CLAIMS AND NOTICING AGENT TO THE DEBTORS, EFFECTIVE *NUNC***
***PRO TUNC* TO THE PETITION DATE, AND (II) GRANTING RELATED RELIEF**

Kathryn Tran, hereby declares, under penalty of perjury, as follows:

1.      I am a Director of Epiq Corporate Restructuring, LLC ("Epiq"), and I am authorized to make and submit this declaration on behalf of Epiq.  This declaration is submitted in support of the *Debtors' Application for Entry of an Order Pursuant to 28 U.S.C. § 156(c) (I) Approving the Retention and Appointment of Epiq Corporate Restructuring, LLC as the Claims and Noticing Agent to the Debtors, Effective Nunc Pro Tunc to the Petition Date, and (II) Granting Related Relief* (the "Application") to which this declaration is attached.  The statements contained herein are based upon personal knowledge.

---

[1]  The Debtors and the last four digits of their respective taxpayer identification numbers include:  Kona Grill, Inc. (6690); Kona Restaurant Holdings, Inc. (6703); Kona Sushi, Inc. (4253); Kona Macadamia, Inc. (2438); Kona Texas Restaurants, Inc. (4089); Kona Grill International Holdings, Inc. (1841); Kona Baltimore, Inc. (9163); Kona Grill International, Inc. (7911); and Kona Grill Puerto Rico, Inc. (7641).  The headquarters and service address for the above-captioned Debtors is 15059 North Scottsdale Road, Suite 300, Scottsdale, Arizona 85254.

2.      As agent and custodian of the Court[2] records pursuant to 28 U.S.C. § 156(c), Epiq

will perform at the request of the Clerk the noticing and claims services specified in the Application

and the Services Agreement.  In addition, at the Debtors' request, Epiq will perform such other

claims and noticing services specified in the Application.

3.      Epiq represents, among other things, the following:

a.      Epiq neither holds nor represents any interest adverse to the Debtors' estates in connection with any matters for which Epiq will be employed;

b.      I am not related or connected to and, to the best of my knowledge, no other professional of Epiq is related to or connected to any United States Bankruptcy Judge for the District of Delaware or the United States Trustee or to any employee in the offices thereof;

c.      Epiq will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the Claims and Noticing Agent in these chapter 11 cases;

d.      by accepting employment in these chapter 11 cases, Epiq waives any rights to receive compensation from the United States government;

e.      in its capacity as the Claims and Noticing Agent in these chapter 11 cases, Epiq will not be an agent of the United States and will not act on behalf of the United States;

f.      Epiq will not employ any past or present employees of the Debtors in connection with its work as the Claims and Noticing Agent in these chapter 11 cases;

g.      in its capacity as the Claims and Noticing Agent in these chapter 11 cases, Epiq will not intentionally misrepresent any fact to any person;

h.      Epiq shall be under the supervision and control of the Clerk's office with respect to the receipt and recordation of claims and claim transfers; and

i.      none of the services provided by Epiq as the Claims and Noticing Agent shall be at the expense of the Clerk's office.

---

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

4.    In connection with the preparation of this declaration, I caused to be submitted for review by our conflicts system the names of all known potential parties in interest (the "Potential Parties in Interest") in these cases.  The list of Potential Parties in Interest was provided by the Debtors is attached hereto as Schedule 1, and included the Debtors, the Debtors' current and former directors and officers, significant stockholders, secured creditors, top 35 unsecured creditors, and other parties.  The results of the conflicts check were compiled and reviewed by employees of Epiq, under my supervision.  To the extent that Epiq's conflicts check has revealed that certain Potential Parties in Interest were current or former clients of Epiq within the past three years, these parties have been identified on the Client Match List, annexed hereto as Schedule 2.  At this time, Epiq is not aware of any relationship that would present a disqualifying conflict of interest.  Epiq currently serves, or in the past may have served, in a neutral capacity as claims, noticing, balloting, and/or solicitation agent for these parties or related parties.  However, given Epiq's neutral position as claims and noticing agent or administrative advisor in the listed-parties' cases, or any other cases, Epiq does not view such relationships as real or potential conflicts.  Further, to the best of my knowledge, any such relationship is completely unrelated to these chapter 11 cases.  Accordingly, to the best of my knowledge, Epiq and each of its employees are "disinterested persons," as that term is defined in section 101(14) of the Bankruptcy Code, and neither Epiq nor any of its employees hold or represent an interest adverse to the Debtors' estates related to any matter for which Epiq will be employed.

5.    To the best of my knowledge, neither Epiq nor any of its personnel have any relationship with the Debtors that would impair Epiq's ability to serve as Claims and Noticing Agent.  Epiq may have relationships with certain of the Debtors' creditors as vendors or in connection with cases in which Epiq serves or has served in a neutral capacity as claims and

noticing agent for another chapter 11 debtor.  To the best of my knowledge, such relationships are completely unrelated to these chapter 11 cases.  Epiq's personnel may have relationships with some of the Debtors' creditors or other parties in interest.  To the best of my knowledge, however, such relationships, to the extent they exist, are of a personal financial nature and completely unrelated to these chapter 11 cases.  Epiq has, and will continue to represent clients in matters unrelated to these chapter 11 cases.  In addition, Epiq has had, and will continue to have, relationships in the ordinary course of its business with certain vendors, professionals, and other parties in interest that may be involved in the Debtors' cases in matters unrelated to these cases.

6.    Epiq shares a corporate parent with certain companies that provide integrated technology products and services to the legal profession for electronic discovery, class action settlements, financial transactions, chapter 7 and 13 bankruptcy, litigation, and regulatory compliance.  Given the legal and operational separateness of Epiq from its affiliates and the administrative nature of the services performed by such companies, Epiq does not believe that a conflict would arise solely from any relationship or claim of an Epiq affiliate or its corporate parent.

7.    If any new facts or relationships are discovered, Epiq will supplement its disclosure to the Court.

8.    In performing the services of the Claims and Noticing Agent, Epiq will charge the Debtors the rates set forth in the Services Agreement.

9.    Prior to the Petition Date, the Debtors provided Epiq a retainer in the amount of $25,000.  Epiq seeks to first apply the retainer to all prepetition invoices, which retainer shall be replenished to the original retainer amount, and thereafter, Epiq may hold such retainer under the

Services Agreement during these chapter 11 cases as security for the payment of fees and expenses incurred under the Services Agreement.

10.    Epiq will comply with all requests of the Clerk's office, including the Claims Agent Protocol and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c).

11.    The services provided by Epiq will be administrative in nature, and Epiq will not provide services in the nature of legal representation and/or advice to the Debtors.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on April 30, 2019

EPIQ CORPORATE RESTRUCTURING, LLC

Kathryn Tran, Director