IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| KONA GRILL, INC., et al.,[1] | ) | Case No.: 19-10953 (___) |
| | ) | Joint Administration Requested |
| Debtors. | ) | |
| | ) | |

**INTERIM ORDER AUTHORIZING THE DEBTORS TO (I) PAY AND/OR HONOR PREPETITION WAGES, SALARIES, EMPLOYEE BENEFITS, AND OTHER COMPENSATION AND PAY THIRD PARTY AND CONTRACT WORKERS; (II) REMIT WITHHOLDING OBLIGATIONS AND DEDUCTIONS; (III) MAINTAIN EMPLOYEE COMPENSATION AND BENEFITS PROGRAMS AND PAY RELATED ADMINISTRATIVE OBLIGATIONS; AND (IV) HAVE APPLICABLE BANKS AND OTHER FINANCIAL INSTITUTIONS RECEIVE, PROCESS, HONOR, AND PAY CERTAIN CHECKS PRESENTED FOR PAYMENT AND HONOR CERTAIN FUND TRANSFER REQUESTS**

Upon consideration of the motion ("Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order (the "Order"), pursuant to sections 105(a), 363, and 507(a) of the Bankruptcy Code to authorize, but not require, the Debtors to (i) pay prepetition wages, salaries, employee benefits, and other compensation; (ii) remit withholding obligations and deductions; (iii) maintain employee compensation and benefits programs and pay related administrative obligations; and (iv) authorize applicable banks and other financial institutions to receive, process, honor, and pay certain checks presented for payment and honor certain fund transfer requests; and it appearing that the relief requested is in the best interest

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers include: Kona Grill, Inc. (6690); Kona Restaurant Holdings, Inc. (6703); Kona Sushi, Inc. (4253); Kona Macadamia, Inc. (2438); Kona Texas Restaurants, Inc. (4089); Kona Grill International Holdings, Inc. (1841); Kona Baltimore, Inc. (9163); Kona Grill International, Inc. (7911); and Kona Grill Puerto Rico, Inc. (7641). The headquarters and service address for the above-captioned Debtors is 15059 North Scottsdale Road, Suite 300, Scottsdale, Arizona 85254.

[2] A capitalized term used but not defined herein shall have the meaning ascribed to it in the Motion.

DOCS_LA:321273.9

of the Debtors' estates, their creditors, and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that the requirements of Rule 6003 of the Federal Rules of Bankruptcy Procedure have been satisfied; and due and adequate notice of the Motion having been given under the circumstances; and after due deliberation and cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED, on an interim basis as set forth herein.

2. A final hearing on the relief sought in the Motion shall be conducted on May __, 2019 at _____ (ET). Any objections to the Motion and to entry of a final order must be filed on or before May _____, 2019 at 4:00 p.m. (ET) (the "Objection Deadline") and served so that it is received and by the following parties on or before the Objection Deadline: (i) the Debtors, Kona Grill, Inc., 15059 N. Scottsdale Rd., Suite 300, Scottsdale, AZ 85254, Attn: Christopher J. Wells; (ii) proposed counsel for the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, Wilmington, DE 19801, Attn: James E. O'Neill (joneill@pszjlaw.com); (iii) counsel to any statutory committee appointed in these cases; (iv) counsel for the Debtors' prepetition and postpetition secured lenders, Buchanan Ingersoll & Rooney PC, 919 North Market Street, Suite 990, Wilmington, DE 19801-1054 Attn: Mary F. Caloway, (mary.caloway@bipc.com); and (v) the Office of The United States Trustee, Attn: Jaclyn Weissgerber, (jaclyn.weissgerber@usdoj.gov), 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801.

DOCS_LA:321273.9

3.   The Debtors are authorized, but not directed, to make payments to applicable third parties from the Deductions and the Withholding Obligations and in respect of the Benefits, and costs associated therewith, in accordance with the Debtors' ordinary course of business and stated policies, as set forth in the Motion.

4.   The Debtors are authorized, but not directed, to continue to maintain their WC Program in the ordinary course of business. The automatic stay, to the extent applicable, is lifted without further order of this Court, to allow (i) holders of workers' compensation claims to proceed with their claims, (ii) the WC Program administrators to administer, handle, defend, settle, or pay a claim covered by the WC Program and the costs related thereto in accordance with such policy; *provided, however*, that nothing in this Order or the Motion gives a non-workers' compensation claimant relief from the automatic stay.

5.   In accordance with this Order and any other order of this Court, the banks and financial institutions at which the Debtors maintain their accounts are authorized to honor checks presented for payment, whether issued prior to or after the Petition Date, and to honor all fund transfer requests made by the Debtors related thereto, to the extent that sufficient funds are on deposit in such accounts.

6.   The Debtors are authorized to pay prepetition amounts on account of Wages and Benefits, including all processing and administrative fees associated with payment of the Wages and Benefits, subject to the aggregate caps set forth in the chart below, *provided, however*, that no payments to or on behalf of any Employee will exceed the $13,650 cap provided under sections 507(a)(4) of the Bankruptcy Code:

| Wages or Benefits | Total |
|---|---|
| Unpaid Wages | $1,275,000 |
| Employer Payroll Taxes | $170,000 |
| Paycom Fees | $18,000 |
| Reimbursable Expenses | $45,000 |
| Employee Bonus Payments | $101,500 |
| Third Party Labor Providers | $6,000 |
| Blue Cross Medical Plan Benefit Expenses | Valid April claims under the Blue Cross Medical Plan as and when they come due. |
| Kaiser Medical Plan | $11,000 |
| Dental Plan | $0.00 |
| Vision Plan | $2,000 |
| Life and Disability Insurance Plans | $4,000 |
| Workers' Compensation Claims | $71,000 |
| 401(k) Plan Contributions | $20,000 |
| 401(k) Plan Administrator Expenses | $2,000 |

7. The Debtors are authorized to allow Employees to use accrued prepetition PTO postpetition in the Debtors' discretion. The Debtors are also authorized, in their discretion, to pay out any accrued and prepetition PTO amounts that are owed to Employees solely to the extent their employment with the Debtors is terminated postpetition.

8. The Debtors are authorized to continue to administer and provide their Employee benefit plans and programs postpetition in the ordinary course of business and in the Debtors' discretion.

9. Bankruptcy Rule 6003(b) has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors.

DOCS_LA:321273.9

10. The automatic stay is hereby modified pursuant to section 362(d) of the Bankruptcy Code solely to allow the Debtors, in their discretion, to continue to assess, determine, and adjudicate any of the unpaid WC Claims during these chapter 11 cases.

11. The requirements of Bankruptcy Rule 6004(a) are waived.

12. The stay under Bankruptcy Rule 6005(h) is waived.

13. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

14. Notwithstanding anything to the contrary contained herein, any payment to be made or authorization contained hereunder shall not be deemed to constitute postpetition assumption or adoption of any contract, program, or policy pursuant to section 365 of the Bankruptcy Code and shall not affect the Debtors' rights to contest the amount or validity of claims.

15. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: May __, 2019

_____
UNITED STATES BANKRUPTCY JUDGE