# EXHIBIT A

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| KONA GRILL, INC., et al.,[1] | ) | Case No.: 19-10953 (___) |
| | ) | Joint Administration Requested |
| Debtors. | ) | |
| | ) | |

**INTERIM ORDER PURSUANT TO SECTIONS 105(a), 507(a)(8), AND 541(d) OF THE BANKRUPTCY CODE (I) AUTHORIZING THE PAYMENT OF PREPETITION SALES, USE, FRANCHISE AND INCOME TAXES, AND OTHER SIMILAR TAXES AND FEES**

Upon the *Motion Pursuant to Sections 105(a), 507(a)(8), and 541(d) of the Bankruptcy Code Authorizing the Payment of Prepetition Sales, Use, Franchise and Income Taxes, and Other Similar Taxes and Fees* (the "Motion")[2] of the debtors and debtors in possession in the above-captioned case (the "Debtor"); and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having determined that the relief requested in the Motion is necessary to the ongoing orderly operation of the Debtors' business and is in the best interests of the Debtors, their estates, and their creditors; and it appearing that the notice of the Motion having been given as set forth herein was appropriate and that no other or

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers include: Kona Grill, Inc. (6690); Kona Restaurant Holdings, Inc. (6703); Kona Sushi, Inc. (4253); Kona Macadamia, Inc. (2438); Kona Texas Restaurants, Inc. (4089); Kona Grill International Holdings, Inc. (1841); Kona Baltimore, Inc. (9163); Kona Grill International, Inc. (7911); and Kona Grill Puerto Rico, Inc. (7641). The headquarters and service address for the above-captioned Debtors is 15059 North Scottsdale Road, Suite 300, Scottsdale, Arizona 85254.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

further notice need by given; and the "first day" hearing on the Motion having been held before the Court; and objections, if any, to the Motion having been overruled, withdrawn, or otherwise resolved at the hearing; and after due deliberation and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED, on an interim basis as provided herein.

2. A final hearing on the relief sought in the Motion shall be conducted on May __, 2019 at _____ (ET). Any objections to the Motion and to entry of a final order must be filed on or before May _____, 2019 at 4:00 p.m. (ET) (the "Objection Deadline") and served so that it is received and by the following parties on or before the Objection Deadline: (i) the Debtors, Kona Grill, Inc., 15059 N. Scottsdale Rd., Suite 300, Scottsdale, AZ 85254, Attn: Christopher J. Wells; (ii) proposed counsel for the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, Wilmington, DE 19801, Attn: James E. O'Neill (joneill@pszjlaw.com); (iii) counsel to any statutory committee appointed in these cases; (iv) counsel for the Debtors' prepetition and postpetition secured lenders, Buchanan Ingersoll & Rooney PC, 919 North Market Street, Suite 990, Wilmington, DE 19801-1054 Attn: Mary F. Caloway, (mary.caloway@bipc.com); and (v) the Office of The United States Trustee, Attn: Jaclyn Weissgerber, (jaclyn.weissgerber@usdoj.gov), 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801.

3. The Debtors are authorized to pay the Prepetition Tax Obligations due and owing as of the Petition Date, including, without limitation, through the issuance of postpetition

checks or wire transfer requests, as the Debtors deem necessary, in their sole discretion, in an amount not to exceed $1,835,000 (the "Prepetition Tax Obligations Cap").

4. The Debtors are further authorized in their sole discretion, to pay the Prepetition Tax Obligations that are currently under review or that may be subject to review in the future, but for which no formal assessment has been made, without regard to the Prepetition Tax Obligations Cap, subject in all respects to the rights of the Debtors and any other party-in-interest to contest any such amounts. The Debtors are authorized, in their sole discretion, to negotiate, compromise and pay any such Prepetition Tax Obligations subsequently determined to be owed for periods prior to the Petition Date. In the event any prepetition audits increases the amount of the Prepetition Tax Obligations, the Debtors' right to file a motion to such liabilities is preserved.

5. All, applicable banks, other financial institutions are authorized to receive, process, honor, and pay any and all prepetition checks or by automated clearinghouse payment issued by the Debtors for the payment of Prepetition Tax Obligations approved herein, whether prior to or after commencement of this chapter 11 case.

6. The Debtors are authorized (consistent with this Order) to issue postpetition checks or to effect postpetition automated clearinghouse requests in replacement of any checks or automated clearinghouse requests relating to taxes that were dishonored or rejected.

7. Nothing herein shall impair any right of the Debtors or any other party in interest to dispute or object to any taxes asserted as owing to the Taxing Authorities or those parties who ordinarily collect the Prepetition Tax Obligations as to amount, liability, classification, or otherwise.

8. Notwithstanding the possible applicability of Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure, the terms and conditions of this Order shall be immediately effective and enforceable. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the Motion or otherwise deemed waived. To the extent the 14-day stay of Bankruptcy Rule 6004(h) may be construed to apply to the subject matter of this Order, such stay is hereby waived.

9. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and Rule 9013-1(m) of the Local Rules of the United States Bankruptcy Court for the District of Delaware are satisfied by such notice.

10. This Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

Dated: _____, 2019

_____
UNITED STATES BANKRUPTCY JUDGE