IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| KONA GRILL, INC., et al.,[1] | ) Case No.: 19-10953 (CSS) |
| | ) Joint Administration Requested |
| Debtors. | ) |
| | ) RE: Docket No. 8 |

**INTERIM ORDER UNDER SECTIONS 105, 345, 363, 364, 503, 1107 AND 1108 OF THE BANKRUPTCY CODE AUTHORIZING (I) MAINTENANCE OF EXISTING BANK ACCOUNTS; (II) CONTINUANCE OF EXISTING CASH MANAGEMENT SYSTEM, BANK ACCOUNTS, CHECKS AND RELATED FORMS; (III) CONTINUED PERFORMANCE OF INTERCOMPANY TRANSACTIONS; (IV) LIMITED WAIVER OF SECTION 345(b) DEPOSIT AND INVESTMENT REQUIREMENTS AND (V) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (the "Debtors") for the entry of an Order under sections 105, 345, 363, 1107, and 1108 of the Bankruptcy Code authorizing: (i) the maintenance of existing bank accounts including the authority to pay routine prepetition banking fees owed to financial institutions; (ii) the continued use of the Debtors' existing cash management system, bank accounts, checks and related forms for the Debtors; (iii) continued performance of intercompany transactions; and (iv) a limited waiver under Bankruptcy Code section 345(b) to the extent necessary; and upon the First Day Declaration; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers include: Kona Grill, Inc. (6690); Kona Restaurant Holdings, Inc. (6703); Kona Sushi, Inc. (4253); Kona Macadamia, Inc. (2438); Kona Texas Restaurants, Inc. (4089); Kona Grill International Holdings, Inc. (1841); Kona Baltimore, Inc. (9163); Kona Grill International, Inc. (7911); and Kona Grill Puerto Rico, Inc. (7641). The headquarters and service address for the above-captioned Debtors is 15059 North Scottsdale Road, Suite 300, Scottsdale, Arizona 85254.

[2] A capitalized term used but not defined herein shall have the meaning ascribed to it in the Motion.

interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and due and adequate notice of the Motion having been given under the circumstances; and after due deliberation and cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED, on an interim basis as set forth herein.

2. A final hearing on the relief sought in the Motion shall be conducted on May 28, 2019 at 1:00 pm (ET). Any objections to the Motion and to entry of a final order must be filed on or before May 21, 2019 at 4:00 p.m. (ET) (the "Objection Deadline") and served so that it is received and by the following parties on or before the Objection Deadline: (i) the Debtors, Kona Grill, Inc., 15059 N. Scottsdale Rd., Suite 300, Scottsdale, AZ 85254, Attn: Christopher J. Wells; (ii) proposed counsel for the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, Wilmington, DE 19801, Attn: James E. O'Neill (joneill@pszjlaw.com); (iii) counsel to any statutory committee appointed in these cases; (iv) counsel for the Debtors' prepetition and postpetition secured lenders, Buchanan Ingersoll & Rooney PC, 919 North Market Street, Suite 990, Wilmington, DE 19801-1054 Attn: Mary F. Caloway, (mary.caloway@bipc.com); and (v) the Office of The United States Trustee, Attn: Jaclyn Weissgerber, (jaclyn.weissgerber@usdoj.gov), 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801.

3. The Debtors are authorized, but not directed, in the reasonable exercise of their business judgment, (i) to designate, maintain and continue to use, with the same account numbers, all of the bank accounts in existence on the Petition Date, including, without

limitation, those accounts identified on Exhibit A to the Motion (the "Bank Accounts"); (ii) treat the Bank Accounts for all purposes as debtors in possession accounts; (iii) use all existing paper check stock and related forms without reference to the Debtors' status as "debtors in possession" until such supply is depleted, after which the Debtors will order new check stock, deposit slips and related forms with the "debtor in possession" reference and the corresponding bankruptcy case number; and (iv) are afforded a reasonable time to arrange for the labeling of "debtor in possession" on purchase orders and invoices issued postpetition, as requested in the Motion.

4. The Debtors are authorized to close such sub-accounts described in the Motion that are no longer necessary to the operation of the Company as a result of a restaurant closure, without further order of the Court.

5. The banks set forth on Exhibit A to the Motion and any other bank (each, a "Bank" and collectively, the "Banks") at which any Bank Account is or may be maintained are hereby authorized to continue to service and administer such Bank Account as an account of the Debtors as a debtor in possession bank account without interruption and in the usual and ordinary course of business, and to receive, process, honor and pay any and all checks and drafts drawn on the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be; *provided, however*, that any check that the Debtors advise any Bank to have been drawn or issued by the Debtors before the Petition Date may be honored by any Bank only if specifically authorized by order of this Court.

6. Except as modified by this Order, the Debtors' existing banking agreements with the Banks with respect to the Bank Accounts and with respect to the transfers

3

to and from the Bank Accounts shall continue to govern the post-petition cash management relationship between the Debtors and each of the Banks.

7. The Debtors and each of the Banks may, without further order of this Court, agree to and implement changes to the Cash Management System and procedures in the ordinary course of business and/or in accordance with the terms of any Financing Order, including, without limitation, the opening and closing of bank accounts with notice from the Debtor to the United States Trustee, which accounts shall similarly be subject to this Order.

8. In the course of providing cash management services to the Debtors, each Bank is authorized, without further order of this Court, to continue to deduct from the appropriate accounts of the Debtors, the Bank's routine and ordinary course fees and expenses associated with the nature of the deposit and cash management services rendered to the Debtors. The Debtors are also authorized to remit or pay all prepetition and postpetition credit card processing fees in the ordinary course of business.

9. With respect to all checks that have not been honored prior to the Petition Date (the "Prepetition Checks"), the Debtors shall, no later than the close of business on the 5th business day following entry of this Order, (a) place a stop payment on all such unauthorized Prepetition Checks to be dishonored in accordance with the applicable Bank's stop payment procedures (the "Voided Prepetition Checks"); and (b) send the Banks an electronic file containing specific data for each applicable Voided Prepetition Check, together with a written representation that a stop payment has been placed on all applicable Voided Prepetition Checks (the "Stop Payment Representation"). All unauthorized Prepetition Checks that are not Voided Prepetition Checks will be Prepetition Checks for which the Debtors have

Court approval to pay and want the Banks to honor, and the Banks shall promptly honor each such Prepetition Check after receipt of the Stop Payment Representation from the Debtors. A Bank's reasonable reliance on the Stop Payment Representation in connection with its honoring or dishonoring of a Prepetition Check, as the case may be, shall not constitute a violation of this Order.

10. Each Bank that maintains a disbursement account of the Debtors shall implement reasonable handling procedures designed to effectuate the terms of this Order, and no Bank that implements such handling procedures and then honors a prepetition check or other item drawn on any account that is the subject of this Order either (i) at the direction of the Debtors to honor such prepetition check or item, (ii) in good faith belief that the Court has authorized such prepetition check or item to be honored, or (iii) as a result of an innocent mistake made despite implementation of such handling procedures, shall be deemed in violation of this Order.

11. The Debtors may continue to fund their businesses and operations through the Bank Accounts, ~~consistent with the terms, conditions, and budget attached to any Financing Order~~.

12. The Debtors shall maintain detailed records reflecting all transfers of funds (including any Intercompany Transactions) under the terms and conditions provided for by the existing agreements with the institutions participating in the Cash Management System and any Financing Order. In connection with the ongoing utilization of their Cash Management System, the Debtors shall continue to maintain records in the ordinary course of business with respect to all transfers so that all transactions (including any Intercompany

5

Transactions) may be readily ascertained, traced and recorded properly on the applicable accounts and distinguished between prepetition and post-petition transactions.

13. The Debtors are authorized to open any new Bank Accounts or close any existing Bank Accounts as they may, in their discretion, deem necessary and appropriate; *provided, however*, that the Debtors give notice within 14 days to the Office of the United States Trustee for the District of Delaware and any statutory committees appointed in these chapter 11 cases; *provided, further, however*, that the Debtors shall open any such new Bank Account at a bank that has (i) executed a Uniform Depository Agreement with the Office of the United States Trustee for the District of Delaware, or at a bank that is willing to immediately execute such an agreement; ~~(ii) or in accordance with the terms of any Financing Order~~; *provided, further*, that any such new Bank Account shall be subject to the terms of this Order ~~and any Financing Order~~. For the avoidance of doubt, the notice requirements contained in this paragraph do not apply to the closure of sub-accounts related to closed restaurant locations.

14. For banks at which the Debtors hold bank accounts that are party to a Uniform Depository agreement with the Office of the United States Trustee for the District of Delaware, within 14 days of the date of entry of this Order the Debtors shall (a) contact each bank, (b) provide the bank with each of the Debtors' employer identification numbers and (c) identify each of their bank accounts held at such banks as being held by a debtors in possession in a bankruptcy case and provide the case number.

15. The Debtors are authorized to continue utilizing their Cash Management System to manage the Debtors' cash, in a manner consistent with the Debtors' prepetition

6

practices, ~~in accordance with the terms of any Financing Order entered by the Court, and~~ this ~~Order~~.

16. The Debtors are authorized to continue to consummate the Intercompany Transactions with other Debtors, and to create Intercompany Claims, provided, however, to the extent that the Debtors have any non-debtor affiliates, the Debtors are prohibited from making any intercompany transfers to such non-debtor affiliates, absent further order of the Court.

17. The Debtors are authorized to deposit funds, in excess of amounts insured by the Federal Depository Insurance Corporation so long as such funds are deposited in a Bank Account with a bank that has a Uniform Depository Agreement with the Office of the United States Trustee.

18. Each of the Debtors' Banks is authorized to debit the Bank Accounts in the ordinary course of business without the need for further order of this Court for: (i) all checks drawn on the Bank Accounts which are cashed at such Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date; (ii) all checks or other items deposited in one of Bank Accounts with such Bank prior to the Petition Date which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtors were responsible for such items prior to the Petition Date; and (iii) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to any Bank as service charges for the maintenance of the Cash Management System.

19. The Banks and, to the extent applicable, the Company's credit card processors, are authorized to process payments in the ordinary course of business, including the netting out of any fees and/or chargebacks arising before, on, or after the Petition Date.

20. Any of the Debtors' Banks may rely on the representations of the Debtors with respect to whether any check or other payment order drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this or any other order of this Court, and such Bank shall not have any liability to any party for relying on such representations by the Debtors as provided for herein.

21. Except as otherwise set forth in this Order: (i) those certain existing deposit agreements between the Debtors and the Banks shall continue to govern the postpetition cash management relationship between the Debtors and the Banks, and all of the provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect, and (ii) either the Debtors or the Banks may, without further Order of this Court, implement changes to the cash management systems and procedures in the ordinary course of business pursuant to terms of those certain existing deposit agreements, including, without limitation, the opening and closing of bank accounts, ~~provided,~~ ~~however, that any such cha~~nges to the existing cash management systems ~~and procedures shall~~ ~~be subject to the terms of this Order a~~nd any F~~inancing~~ Order.

22. The Debtors shall cause a copy of this Order to be served on each Bank at which a Bank Account is maintained within 7 days of the entry of this Order.

23. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion.

24. The Bank Accounts comply with the requirements imposed under section 345(b) of the Bankruptcy Code. The requirements of Bankruptcy Code section 345(b) are deemed satisfied.

25. Notwithstanding the use of a consolidated cash management system, the Debtors shall calculate quarterly fees under 28 U.S.C. section 1930(a)(6) based on the disbursements of each debtor, regardless of who pays those disbursements

26. The notice requirements under Bankruptcy Rule 6004(a) and the stay under Bankruptcy Rule 6004(h) are hereby waived, to the extent that they apply.

27. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: May 2, 2019

CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE