IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| KONA GRILL, INC., et al.,[1] | ) | Case No.: 19-10953 (CSS) |
| | ) | Joint Administration Requested |
| Debtors. | ) | |
| | ) | Re: Docket No. 10 |

**INTERIM ORDER (A) APPROVING THE DEBTORS'
PROPOSED ADEQUATE ASSURANCE OF PAYMENT FOR
FUTURE UTILITY SERVICES,(B) PROHIBITING UTILITY COMPANIES
FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES,
(C) APPROVING THE DEBTORS' PROPOSED PROCEDURES FOR RESOLVING
ADEQUATE ASSURANCE REQUESTS, AND (D) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an interim order (this "Interim Order") (a) approving the Proposed Adequate Assurance of payment for future utility services, (b) prohibiting Utility Companies from altering, refusing, or discontinuing services, (c) approving the Debtors' proposed procedures for resolving Adequate Assurance Requests, (d) granting related relief, and (e) scheduling a final hearing to consider approval of the Motion on a final basis; all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers include: Kona Grill, Inc. (6690); Kona Restaurant Holdings, Inc. (6703); Kona Sushi, Inc. (4253); Kona Macadamia, Inc. (2438); Kona Texas Restaurants, Inc. (4089); Kona Grill International Holdings, Inc. (1841); Kona Baltimore, Inc. (9163); Kona Grill International, Inc. (7911); and Kona Grill Puerto Rico, Inc. (7641). The headquarters and service address for the above-captioned Debtors is 15059 North Scottsdale Road, Suite 300, Scottsdale, Arizona 85254.

[2] A capitalized term used but not otherwise defined herein shall have the meaning ascribed to it in the Motion.

pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion is appropriate under the circumstances; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted on an interim basis as set forth herein.

2. The final hearing (the "Final Hearing") on the Motion shall be held on __5/28__, 2019, at _1:00_ p.m., prevailing Eastern Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on __5/21__, 2019, and shall be served on: : (i) the Debtors, Kona Grill, Inc., 15059 N. Scottsdale Rd., Suite 300, Scottsdale, AZ 85254, Attn: Christopher J. Wells; (ii) proposed counsel for the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, Wilmington, DE 19801, Attn: James E. O'Neill, (joneill@pszjlaw.com); (iii) counsel to any statutory committee appointed in these cases; (iv) counsel for the Debtors' prepetition and postpetition secured lenders, Buchanan Ingersoll & Rooney PC, 919 North Market Street, Suite 990, Wilmington, DE 19801-1054 Attn: Mary F. Caloway, (mary.caloway@bipc.com); and (v) the Office of The United States Trustee, Attn: Jaclyn Weissgerber,

(jaclyn.weissgerber@usdoj.gov), 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (collectively, the "Notice Parties"). In the event no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

3. The Debtors shall serve a copy of the Motion and this Interim Order on each Utility Company listed on the Utility Services List no later than two business days after the date this Interim Order is entered. Any such Utility Company listed on the Utility Services List and served with a copy of this Motion and Order or subsequently added in accordance with this Motion and Order shall be referred to herein as a "Utility Provider."

4. No later than 14 days after the date this Interim Order is entered, the Debtors shall cause the Adequate Assurance Deposit in the amount of $111,035.00 to be deposited into a segregated account and held during the pendency of these chapter 11 cases. The Adequate Assurance Deposit shall not be subject to the liens of the Debtors' prepetition or postpetition secured lenders, except for any reversionary interest held by the Debtors.

5. The Adequate Assurance Deposit, together with the Debtors' ability to pay for future utility services in the ordinary course of business subject to the Adequate Assurance Procedures, shall constitute adequate assurance of future payment as required by section 366 of the Bankruptcy Code for all Utility Providers.

6. Until such time as the Court enters a final order on the Motion, all Utility Providers are prohibited from altering, refusing, or discontinuing services on account of any unpaid prepetition charges, the commencement of these chapter 11 cases, or any perceived inadequacy of the Proposed Adequate Assurance.

7. The following Adequate Assurance Procedures are hereby approved on an interim basis:

   a. Any Utility Provider that objects to the Debtors' Proposed Adequate Assurance must serve an Adequate Assurance Request on the Notice Parties.

   b. Any Adequate Assurance Request must: (i) be made in writing; (ii) identify the location for which Utility Services are provided and (iii) explain why the Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

   c. The Debtors are authorized to resolve, in their sole discretion, any Adequate Assurance Request by mutual agreement with a Utility Provider and without further order of the Court and, in connection with any such agreement, in their sole discretion, provide a Utility Provider with alternative adequate assurance of payment, including cash deposits, payments of prepetition balances, prepayments, or other forms of security, without further order of the Court, if the Debtors believe such alternative assurance is reasonable.

   d. If the Debtors are unable to consensually resolve an Adequate Assurance Request by mutual agreement within 14 days of receipt of the Adequate Assurance Request, the Debtors will seek a hearing with the Court (the "Determination Hearing") at the next scheduled omnibus hearing to determine the appropriate amount of adequate assurance required with respect to such Adequate Assurance Request. Pending resolution of such Adequate Assurance Request at the Determination Hearing, the Utility Provider shall be prohibited from altering, refusing, or discontinuing services to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

   e. The Utility Providers are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures.

   f. All Utility Providers who are served and do not file an objection or serve an Adequate Assurance Request shall be: (a) deemed to have received adequate assurance of payment "satisfactory" to such Utility Provider in compliance with section 366 of the Bankruptcy Code; and (b) forbidden to discontinue, alter, or refuse services to, or discriminate against, the Debtors on account of any unpaid prepetition charges, or require additional assurance of payment other than the Proposed Adequate Assurance.

8. The Debtors are authorized to add or remove any Utility Company from the Utility Services List, and the Debtors shall add to or subtract from the Adequate Assurance

4

Deposit an amount equal to one half of the Debtors' average monthly cost for each subsequently-added or removed Utility Company in accordance with the terms of this Order. For Utility Companies that are added to the Utility Services List, the Debtors will cause a copy of this Interim Order, including the Adequate Assurance Procedures, to be served on such subsequently added Utility Company. Any Utility Company subsequently added to the Utility Services List shall be considered a Utility Provider as defined in this Order and shall be bound by the Adequate Assurance Procedures; provided that the requisite Adequate Assurance Deposit is made. For any Utility Provider removed from the Utility Services List, the Adequate Assurance Deposit may only be reduced after 14 days' written notice to the Utility Provider if no objection to such proposed reduction is filed.

9. If any utility account with a Utility Company is closed during the course of these chapter 11 cases, without the need for further order of this Court or notice to any parties except as otherwise provided herein, the Debtors shall be authorized to decrease the amount of the Adequate Assurance Deposit by withdrawing from the segregated account the amount deposited with respect to such closed account provided that the Debtors (i) obtain the affected Utility Company's consent to do so or (ii) provide the affected Utility Company with seven days' prior written notice of their intent to do so and receive no response to such notice. Upon the effective date of a chapter 11 plan in these cases, the Debtors may close the segregated bank account without the need for any notice to, or action, order or approval of, this Court.

10. The Debtors' service of the Motion upon the Utility Services List shall not constitute an admission or concession that each such entity is a "utility" within the meaning of

DOCS_LA:321150.7

section 366 of the Bankruptcy Code, and the Debtors reserve all rights and defenses with respect thereto.

11. The Debtors are authorized, but not directed, to pay Engie all prepetition accrued but unpaid service and administrative fees due to Engie, in an amount not to exceed $3,000 and to continue such payments to Engie with respect to postpetition service and administrative fees in the ordinary course of the Debtors' business.

12. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order.

13. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Interim Order or any payment made pursuant to this Interim Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim or lien against the Debtors, a waiver of the Debtors' rights to subsequently dispute such claim or lien, or the assumption or adoption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

14. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any Utility Services.

15. ~~Notwithstanding anything to the contrary contained herein, any payment made or to be made under this Order, any authorization contained in this Order, or any claim for which payment is authorized hereunder, shall be subject to any orders of this Court approving any debtor in possession financing for, or any use of cash collateral by, the Debtors, and any documents providing for such debtor in possession financing and the Budget governing such debtor in possession financing and use of cash collateral.~~

16. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

17. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

18. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

19. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

20. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

Dated: May 2, 2019

_____
CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE