IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| KONA GRILL, INC., et al.,[1] | ) | Case No.: 19-10953 (CSS) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | Related Docket No. 93 |

**ORDER (A) AUTHORIZING ENTRY INTO THE ASSET PURCHASE AGREEMENT WITH RESPECT TO THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS; (B) APPROVING BID PROCEDURES FOR THE SALE OF SUBSTANTIALLY ALL OF THE ASSETS OF DEBTORS; (C) SCHEDULING AN AUCTION AND HEARING TO CONSIDER THE SALE AND APPROVE THE FORM AND MANNER OF NOTICE RELATED THERETO; (D) ESTABLISHING PROCEDURES RELATING TO THE ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS AND LEASES, INCLUDING NOTICE OF PROPOSED CURE AMOUNTS; (E) APPROVING CERTAIN BREAK-UP FEE PROVISIONS; AND (F) GRANTING OTHER RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (the "Debtors") for, in part, entry of an order (a) authorizing Debtors to enter into the Purchase Agreement in the form attached as Exhibit C to the Motion (the "Purchase Agreement") with Williston Holding Company, Inc. (the "Stalking Horse Purchaser") or with the Successful Bidder at an Auction held by the Debtors; (b) approving certain bid procedures for the sale of substantially all of the Debtors' Assets; (c) scheduling an auction and hearing to consider the sale and approve the form and manner of notice related thereto; (d) establishing procedures relating to

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers include: Kona Grill, Inc. (6690); Kona Restaurant Holdings, Inc. (6703); Kona Sushi, Inc. (4253); Kona Macadamia, Inc. (2438); Kona Texas Restaurants, Inc. (4089); Kona Grill International Holdings, Inc. (1841); Kona Baltimore, Inc. (9163); Kona Grill International, Inc. (7911); and Kona Grill Puerto Rico, Inc. (7641). The headquarters and service address for the above-captioned Debtors is 15059 North Scottsdale Road, Suite 300, Scottsdale, Arizona 85254.

[2] Capitalized terms not otherwise defined herein shall have the meanings set forth in the Motion.

the assumption and assignment of certain contracts, including notice of proposed cure amounts; (e) approving Break-up fee; and (f) granting other related relief, and it appearing that the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(a); the Court having considered the Motion; and it appearing that the relief requested in the Motion, is in the best interests of the Debtors' bankruptcy estates, their creditors and other parties-in-interest; and after due deliberation and sufficient cause appearing therefor;

THE COURT HEREBY MAKES THE FOLLOWING FINDINGS:

A. This Court has jurisdiction over this Motion and the transactions contemplated therein pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B. Notice of the Motion was adequate and sufficient under the circumstances of this chapter 11 case, and such notice complied with all applicable requirements of title 11 of the United States Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Bankruptcy Rules.

C. All objections to the relief requested in the Motion that have not been withdrawn, waived or settled as announced to the Court at the hearing on the Motion or by stipulation filed with the Court, are overruled except as otherwise set forth herein. A reasonable opportunity to object or otherwise be heard was afforded to all parties in interest entitled to notice.

D. The bid procedures attached hereto as **Exhibit 1** (the "Bid Procedures") are reasonable and appropriate under the circumstances of these chapter 11 cases. The Debtors have articulated good and sufficient reasons for the Court to grant the relief requested in the Motion regarding the Bid Procedures. The Bid Procedures represent a fair and appropriate method for maximizing the realizable value of substantially all of the Debtors' Assets. Therefore, the Debtors are authorized to take any and all actions necessary or appropriate to implement the Bid Procedures.

E. The Debtors' selection of the Stalking Horse Purchaser and entry into the Purchase Agreement with the Stalking Horse Purchaser are in the best interests of the Debtors and the Debtors' estates and creditors. The Purchase Agreement with the Stalking Horse Bidder will enable the Debtors to secure an adequate floor for the Auction and will provide a clear benefit to the Debtors' estates.

F. The Stalking Horse Purchaser has expended considerable time, money and energy pursuing the proposed sale of the Assets, and the Debtors have engaged in arms' length good faith negotiations with such Stalking Horse Purchaser. The Break-up Fee and other bidding protections, as set forth in the Purchase Agreement and Bid Procedures, in favor of a Stalking Horse Purchaser are (i) an actual and necessary cost and expense of preserving the Debtors' estates within the meaning of sections 503(b) and 507(a)(2) of the Bankruptcy Code, (ii) commensurate to the real and substantial benefit that will be conferred upon the Debtors' estates by the Stalking Horse Purchaser, and (iii) are reasonable and appropriate, in light of the size and nature of the contemplated sale transaction and comparable transactions, the commitments that will be made under the Purchase Agreement and the efforts that have been expended by the Stalking Horse

3

Purchaser. The Break-up Fee is a material inducement for the Stalking Horse Purchaser's entry into its stalking horse bid. The Stalking Horse Purchaser will be unwilling to commit to purchase the Assets under the terms of the Purchase Agreement unless the Stalking Horse Purchaser is assured the protection provided by the Break-up Fee. The payment of such amount to the Stalking Horse Purchaser is fair and reasonable in view of the fact that, if the Break-up Fee is triggered, then the Stalking Horse Purchaser's efforts will have increased the prospects that the Debtors will receive the highest or otherwise best offer for the Assets.

G.   The form of the Purchase Agreement is fair and reasonable and provides flexibility in the process to sell the Assets in a manner designed to maximize the value of the Assets. The Debtors have demonstrated a sound business justification for authorizing the payment of the Break-up Fee to the Stalking Horse Purchaser in the amount and under the circumstances set forth in the Purchase Agreement.

H.   The Notice of Bid Procedures, Auction date and Sale Hearing, substantially in the form attached hereto as **Exhibit 2** (the "Sale and Bid Procedures Notice"), the Notice of Auction and Sale Hearing, substantially in the form attached hereto as **Exhibit 3** (the "Creditor Notice"), and the notice substantially in the form attached hereto as **Exhibit 4** to be served on counterparties to the Assumed Executory Contracts ("Cure Notice") each is calculated to provide adequate notice concerning the proposed sale of the Assets and the proposed assumption and assignment of the Assumed Executory Contracts that are the property of the Debtors, and is intended to provide due and adequate notice of the relief that will be sought by the Motion.

DOCS_SF:100991.3 50045/001

I.    The procedures for the assumption and assignment of the Assumed Executory Contracts provided for herein and the Cure Notice are reasonable and appropriate and consistent with the provisions of Section 365 of the Bankruptcy Code and Bankruptcy Rule 6006. The procedures for the assumption and assignment of the Assumed Executory Contracts have been narrowly tailored to provide an adequate opportunity for all non-debtor counterparties to the Assumed Executory Contracts to assert any objection.

J.    The entry of this Bid Procedures Order is in the best interests of the Debtors, their estates, their creditors and other parties in interest.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.    The relief requested in the Motion is granted as set forth in this Bid Procedures Order.

2.    The Bid Procedures attached hereto as **Exhibit 1** are approved in their entirety, and are incorporated into this Bid Procedures Order and shall apply to the proposed sale of the Assets. The Debtors are authorized to take any and all actions necessary or appropriate to implement the Bid Procedures, provided such action is not inconsistent with the Stalking Horse Purchase Agreement.

3.    The proposed sale of the Assets, the proposed assumption and assignment of the Assumed Executory Contracts, and the Auction shall be conducted in accordance with the provisions of this Bid Procedures Order and the Bid Procedures.

4.    Notwithstanding anything to the contrary in the Purchase Agreement, the Break-up Fee as set forth in the Bid Procedures is hereby approved. The Debtors are authorized

without further Court action to pay the Break-up Fee solely to the extent such amount becomes due and payable to the Stalking Horse Purchaser, pursuant to the Purchase Agreement and this Bid Procedures Order.

5. The Sale and Bid Procedures Notice attached hereto as **Exhibit 2**, the Creditor Notice attached hereto as **Exhibit 3**, and the Cure Notice attached hereto as **Exhibit 4** provide proper notice to all parties in interest and are approved.

6. As set forth in this Order, the following dates and deadlines are approved:

| Milestone / Deadline | Date |
| --- | --- |
| Provide to Counterparties Stalking Horse Purchaser Adequate Assurance Information | On or before June 28, 2019 |
| Service of Sale and Bid Procedures Notice, Cure Notice, Creditor Notice. | Within 3 business days after entry of the Bid Procedures Order |
| Deadline to object to Cure and Adequate Assurance for Stalking Horse Purchaser | July 15, 2019, at 4:00 p.m. (Eastern) |
| Deadline to object to Sale for Stalking Horse Purchaser | July 15, 2019, at 4:00 p.m. (Eastern) |
| Bid Deadline | July 18, 2019, at 4:00 p.m. (Eastern) |
| Auction | July 23, 2019, at 10:00 a.m. (Eastern) |
| Deadline to object to Cure and Adequate Assurance for Successful Bidder that is not Stalking Horse Purchaser | July 25, 2019, at 10:00 a.m. (Eastern) |
| Deadline to object to Sale for Successful Bidder that is not Stalking Horse Purchaser | July 25, 2019, at 10:00 a.m. (Eastern) |
| Sale Hearing | July 25, 2019, at 2:00 p.m. (Eastern) |

7. Within three (3) business days following entry of this Bid Procedures Order, the Debtor shall serve by first class mail the Sale and Bid Procedures Notice on the following parties: (a) the U.S. Trustee; (b) the Committee, if any, or the Debtors' top 30 unsecured creditors; (c) all parties known to assert a lien, encumbrance or claim on any of the Assets; (d) all known counterparties to the Debtor's unexpired leases and executory contracts; (e) all entities known to have expressed an interest in bidding on the Assets; (f) the United States Attorney's office; (g) all

6

state attorney generals in states in which the Debtor' assets are located; (h) state taxing authorities in the states in which the Debtors' assets are located and the Internal Revenue Service; (i) environmental authorities and other regulatory authorities in the states or applicable jurisdictions in which the Debtors' assets are located; (j) the Stalking Horse Purchaser and its counsel; and (k) all other parties that had filed a notice of appearance and demand for service of papers in these bankruptcy cases under Bankruptcy Rule 9010(b) as of the date of entry of this Bid Procedures Order.

8. Within three (3) business days following entry of this Bid Procedures Order, the Debtors shall serve the Creditor Notice on all known creditors of the Debtors and publish such Creditor Notice in the national edition of the New York Times. Except as set forth in this and the foregoing paragraph of this Bid Procedures Order, no other or further notice of the sale shall be required to be provided by the Debtors.

9. The Stalking Horse Purchaser's Adequate Assurance Information shall be delivered to the applicable counterparties on or before June 28, 2019. The Debtors shall deliver the Adequate Assurance Information for bidders other than the Stalking Horse Purchaser to the Counterparties within 24 hours after receipt of such party's bid and approval as a Qualified Bidder.

10. Within three (3) business days following the entry of this Bid Procedures Order, the Debtors shall file and serve the Cure Notice to the counterparties to the Assumed Executory Contracts. Counterparties to the Assumed Executory Contracts[3] (each a "Counterparty,"

---

[3] The inclusion of any agreement as an Assumed Executory Contract does not constitute an admission by the Debtors that such agreement actually constitutes an executory contract or unexpired lease under section 365 of the Bankruptcy Code, and the Debtors expressly reserve the right to challenge the status of any agreement included as an Assumed Executory Contract.

and together, the "Counterparties") must file and serve on the applicable notice parties any objection to the assumption and assignment of any Assumed Executory Contract, including objections to any Cure Amount, by **July 15, 2019, at 4:00 p.m. (Eastern Time)**. However, the Stalking Horse Purchaser may choose to add or delete certain Assumed Executory Contracts. If the Stalking Horse Purchaser chooses to add or delete an Assumed Executory Contract, then notice of that addition or deletion shall be provided to the affected counterparty by the Debtors approximately seven (7) days prior to the Closing Date as set forth in section 1.3(b) of the Purchase Agreement. Only those Assumed Executory Contracts assumed as of the closing of the Sale will be required to be cured. For purposes of adequate assurance of future performance, the above deadline shall pertain only to the Stalking Horse Purchaser. As set forth in the Bid Procedures, the Debtors shall deliver the Adequate Assurance Information to the Counterparties within 24 hours after receipt and a party's designation as a Qualified Bidder. The Counterparties shall have until **10:00 a.m. on July 25, 2019** to object to the Adequate Assurance Information of any other Qualified Bidder.

11.     Any Counterparty failing to timely file an objection to the Cure Amount set forth in the Cure Notice shall be deemed to consent to the assumption and assignment of the Assumed Executory Contract and be forever barred from objecting to the Cure Amounts and from asserting any additional cure or other amounts against the Debtors, their estates, and the Successful Bidder with respect to the Assumed Executory Contracts to which it is a Counterparty. Notwithstanding anything herein to the contrary, no executory contract or unexpired lease will be assumed unless and until the occurrence of the closing of the Sale to the Successful Bidder.

12. Any other objection to any of the relief to be requested at the Sale Hearing must be in writing, state the basis of such objections with specificity and shall be filed with the Court on or before **July 15, 2019, at 4:00 p.m. (Eastern Time)** (the "Objection Deadline"), and such objection must be served and otherwise undertaken in accordance with the Sale and Bid Procedures Notice so as to be received by such date and time by: (i) counsel to the Debtors and Debtors in Possession, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801), Attn: John W. Lucas and James E. O'Neill; (ii) counsel to the Official Committee of Unsecured Creditors: Kelley Drye & Warren LLP, 101 Park Avenue, New York, NY 10178, Attn: James S. Carr and Jason R. Adams, and Bayard, P.A., 600 North King Street, Suite 400, P.O. Box 25130, Wilmington, DE 19899, Attn: Justin R. Alberto and Erin R. Fay; (iii) the Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 N. King Street, Suite 2207, Lock Box 35, Wilmington, DE 19801, Attn: Jaclyn Weissgerber; and (iv) counsel to the Stalking Horse Purchaser, Gray Plant Mooty, 500 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402 (Attn: Phillip Bohl) and Austria Legal, LLC, 1007 North Orange Street, 4th Floor, Wilmington, DE 19801 (Attn: Matthew Austria). If the Stalking Horse Purchaser is not the Successful Bidder, parties shall have until **10:00 a.m. on July 25, 2019** to object to the Successful Bidder. The failure of any objecting person or entity to file its objections by the Objection Deadline and in accordance with the Sale and Bid Procedures Notice will be a bar to the assertion, at the Sale Hearing or thereafter, of any objection (including the sale of Assets and assumption and assignment of Assumed Executory Contracts free and clear of all Liens, Claims and Encumbrances, and other interests).

DOCS_SF:100991.3 50045/001

13. Compliance with the foregoing notice provisions shall constitute sufficient notice of the Debtors' proposed Sale of the Assets free and clear of all Liens, Claims and Encumbrances, and other interests, the contemplated assumption and assignment of each Assumed Executory Contract and the proposed amount of Cure Amounts with respect to each such Assumed Executory Contract, and no additional notice of such contemplated transactions need be given.

14. The Bid Deadline shall be **July 18, 2019, at 4:00 p.m. (Eastern Time)**.

15. The Debtors, after consultation with the Committee and KeyBank, shall have the exclusive right to determine whether a bid is a Qualified Bid and shall notify Qualified Bidders whether their bids have been recognized as such as promptly as practicable after a Qualified Bidder delivers all of the materials required by the Bid Procedures. The Debtors shall provide the Qualified Bids to counsel for the Stalking Horse Purchaser in the manner provided in the Purchase Agreement.

16. Notwithstanding anything to the contrary herein or in the Bid Procedures, KeyBank shall not be a consultation party until such time as it provides notice to the Debtors that it will not credit bid.

17. If the Debtors receive more than one Qualified Bid (as defined in the Bid Procedures), an auction (the "Auction") will be held on **July 23, 2019, at 10:00 a.m. (Eastern Time)**, at the offices of Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, Delaware 19801, or at any such other location as the Debtors may hereafter designate. All creditors of the Debtors may attend the Auction. The Stalking Horse Purchaser and KeyBank are deemed Qualified Bidders for all purposes, including for purposes of participating in the

Auction, should it wish to do so. In the event the Auction is adjourned or continued, the Debtors shall file a notice of such adjournment or continuance with the Court and serve on parties that have requested notice in these cases.

18. Counsel to the Debtors is authorized to hold and conduct the Auction in accordance with the Bid Procedures. At such Auction, each Qualified Bidder shall be required to confirm that it has not engaged in any collusion with respect to the bidding or the sale, and the Auction shall be conducted openly and transcribed. Within twenty-four (24) hours following the conclusion of the Auction, the Debtors shall file a notice identifying the Successful Bidder with the Court and shall serve such notice by fax, email, or if neither is available, by overnight mail to all Counterparties whose contracts are to be assumed and assigned.

19. The Sale Hearing shall be conducted on **July 25, 2019, at 2:00 p.m. (Eastern Time)**, and may be adjourned from time to time without further notice other than an announcement in open court at the Sale Hearing.

20. In the event the Debtors seek to close a Sale with the Backup Bidder (and such bidder is not the Stalking Horse Purchaser), the Debtors shall provide prompt written notice to all potentially affected counterparties, which counterparties shall have three (3) business days to object, solely on the basis of any changed circumstances regarding the proposed Cure Amount or adequate assurance since the date of the Sale Hearing and the hearing on such approval shall be on or before July 31, 2019.

21. In the event section 8.3 of the Purchase Agreement is revised and no longer preserves the Debtors' privacy policy, the Debtors shall promptly provide notice to the U.S. Trustee.

DOCS_SF:100991.3 50045/001

22. Notwithstanding anything herein or in the Bid Procedures to the contrary, no sale free and clear of Liens, Claims and Encumbrances, and other interests shall be approved unless it complies with section 363(f) of the Bankruptcy Code.

23. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h) and 7062 or otherwise, the terms and conditions of this Bid Procedures Order shall be immediately effective and enforceable upon its entry, and no automatic stay of execution shall apply to this Bid Procedures Order.

24. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Bid Procedures Order.

Dated: 5/29, 2019

_____
CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE