## THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Kona Grill Inc. et al.[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-10953 (CSS)<br>(Jointly Administered)<br><br>**Objection Deadline: June 19, 2019 at 4:00 p.m. (ET)**<br>**Hearing Date: July 25, 2019 at 2:00 p.m. (ET)** |

### DEBTORS' MOTION FOR AN ORDER AUTHORIZING THE DEBTORS TO RETAIN, EMPLOY, AND COMPENSATE CERTAIN PROFESSIONALS UTILIZED BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS

The above-captioned debtors and debtors in possession (the "Debtors") file this motion (the "Motion") for entry of an order, substantially in the form attached as **Exhibit A**: authorizing the Debtors to employ and compensate certain professionals utilized in the ordinary course of the Debtors' business.  In support of this Motion, the Debtors respectfully represent as follows:

### Jurisdiction

1.    The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtor confirms its consent pursuant to Rule 9013-1(f) of the Local Rules of

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Kona Grill, Inc. (6690); Kona Restaurant Holdings, Inc. (6703); Kona Sushi, Inc. (4253); Kona Macadamia, Inc. (2438); Kona Texas Restaurants, Inc. (4089); Kona Grill International Holdings, Inc. (1841); Kona Baltimore, Inc. (9163); Kona Grill International, Inc. (791 1); and Kona Grill Puerto Rico, Inc. (7641). The headquarters and service address for the above-captioned Debtors is 15059 North Scottsdale Road, Suite 300, Scottsdale, Arizona 85254.

Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief sought herein are sections 105(a), 327, 328, and 330 of Title 11 of the United States Code (the "Bankruptcy Code").

### Background

4.      April 30, 2019 (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors have continued in the possession of their property and have continued to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or committee has been appointed in the Debtors' chapter 11 cases.

5.      The factual background regarding the Debtors, including their current and historical business operations and the events precipitating their chapter 11 filings, is set forth in detail in the *Declaration of Christopher J. Wells, Chief Restructuring Officer in Support of First Day Pleadings* (the "First Day Declaration") filed concurrently herewith and fully incorporated herein by reference[2].

---

[2]  Capitalized term used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

## Ordinary Course Professionals

6.      The Debtors customarily retain the services of various attorneys, accountants and other professionals to represent them in matters arising in the ordinary course of their business, unrelated to these chapter 11 cases (the "Ordinary Course Professionals").  A list of the Ordinary Course Professionals utilized or expected to be utilized by the Debtors during the pendency of these Cases is attached hereto as **Exhibit B**.[3]

7.      In contrast, the Debtors have filed, or will file, individual retention applications for any professionals that the Debtors seek to employ in connection with the administration of these Cases (the "Chapter 11 Professionals").  The Chapter 11 Professionals will be permitted to be compensated and reimbursed only in accordance with procedures to be approved by this Court, and with the terms of the orders approving each Chapter 11 Professional's employment.

8.      The Debtors anticipate employing, among others, certain of the Ordinary Course Professionals listed on **Exhibit B** to perform ongoing services during the pendency of these Cases.  The Ordinary Course Professionals will not be involved in the administration of these Cases.  Rather, they will provide services in connection with the Debtors' operations or services ordinarily provided by in-house counsel to a corporation.  As a result, the Debtors do not believe that the Ordinary Course Professionals are "professionals" as that term is used in section 327 of the Bankruptcy Code, whose retention must be approved by this Court.  *See, e.g.*,

---

[3] To date the Debtors have only identified one ordinary course professional.  As discussed more fully below, the Debtors reserve the right to amend such list in the future in their sole discretion, pursuant to the procedures set forth herein.

*In re That's Entertainment Mkt'g Group, Inc.*, 168 B.R. 226, 230 (N.D. Cal. 1994) (only the

retention of professionals whose duties are central to the administration of the estate require prior

court approval under section 327 of the Bankruptcy Code); *In re Madison Mgmt. Group, Inc.*,

137 B.R. 275, 283 (Bankr. N.D. Ill. 1992) (same); *In re Sieling Assocs. Ltd. P'ship*, 128 B.R.

721, 723 (Bankr. E.D. Va. 1991) (same); *In re Johns-Manville Corp.*, 60 B.R. 612, 619 (Bankr.

S.D.N.Y. 1989) (only those professionals involved in the actual reorganization effort, rather than

debtor's ongoing business, require approval under section 327 of the Bankruptcy Code).

Nevertheless, out of an abundance of caution, the Debtors seek an order authorizing the retention

and payment of all Ordinary Course Professionals during the pendency of these Cases.

### Relief Requested

9.      By the Motion, pursuant to sections 105(a), 327, 328, and 330 of the

Bankruptcy Code, the Debtors seek entry of an order by this Court authorizing them to (a) retain

and employ the Ordinary Course Professionals on an "as needed" basis without the submission

of separate, formal retention applications for each Ordinary Course Professional, and

(b) establish procedures to compensate the Ordinary Course Professionals under sections 328,

330, and 331 of the Bankruptcy Code for postpetition services rendered and expenses incurred.

### Basis For Relief

10.     The Debtors cannot continue to operate their business as debtors in

possession unless they retain and pay for the services of the Ordinary Course Professionals listed

on **Exhibit B**.  The work of the Ordinary Course Professionals, albeit ordinary course, is directly

related to the preservation of the value of the Debtors' estates, even though the amount of fees

4

and expenses incurred by the Ordinary Course Professionals represents only a small fraction of that value.

11.    The operation of the Debtors' business would be hindered if the Ordinary Course Professionals were delayed in performing their work on behalf of the Debtors while the Debtors (i) submitted to this Court an application, affidavit, and proposed retention order for each Ordinary Course Professional, (ii) waited until such order was approved before such Ordinary Course Professional continued to render services and (iii) withheld payment of the normal fees and expenses of the Ordinary Course Professionals until they complied with the compensation procedures applicable to Chapter 11 Professionals.

12.    Further, a number of Ordinary Course Professionals may be unfamiliar with the fee application procedures employed in bankruptcy cases.  Some Ordinary Course Professionals might be unwilling or unable to assume the administrative and cost burden of such procedures, and may therefore be unwilling to work with the Debtors if these requirements are imposed, forcing the Debtors to incur additional and unnecessary expenses to retain other professionals without such background and expertise, and at potentially higher rates.  The uninterrupted services of the Ordinary Course Professionals are vital to the Debtors' remaining operations and their ultimate ability to pursue an orderly restructuring.  More importantly, the cost of preparing and prosecuting these retention applications and fee applications would be significant and such costs would be borne by the Debtors' estates.

13.    Moreover, a requirement that the Ordinary Course Professionals each file retention pleadings and follow the usual fee application process required of the Chapter 11

Professionals would unnecessarily burden the Clerk's office, this Court, and the U.S. Trustee's office with unnecessary fee applications while significantly adding to the administrative costs of these Cases without any corresponding benefit to the Debtors' estates. This Motion proposes a procedure to alleviate such a burden.

14.     Although certain Ordinary Course Professionals may hold unsecured claims against the Debtors in respect of prepetition services rendered, the Debtors do not believe that any of the Ordinary Course Professionals have an interest materially adverse to the Debtors, their estates, their creditors, or other parties in interest, and thus none would be retained who do not meet, if applicable, the special counsel retention requirement of section 327(e) of the Bankruptcy Code. By this Motion, the Debtors are not requesting authority to pay prepetition amounts owed to Ordinary Course Professionals.

### Proposed Retention Procedure

15.     The Debtors propose that they be permitted to continue to employ and retain the Ordinary Course Professionals. Pursuant to the requirement imposed by Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and in order to provide the interested parties and this Court with appropriate comfort and assurances, each Ordinary Course Professional will be required to file with this Court, and to serve upon: (i) counsel to the Debtor and Debtor-in-Possession, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE  19899-8705 (Courier 19801), Attn:  John W. Lucas and James E. O'Neill; (ii) counsel to the Official Committee of Unsecured Creditors, Kelley Drye & Warren LLP, 101 Park Avenue, New York, NY 10178, Attn: James S. Carr and Jason R. Adams,

Bayard, P.A., 600 North King Street, Suite 400, P.O. Box 25130, Wilmington, DE 19899, Attn:

Justin R. Alberto and Erin R. Fay (iii) the Office of the United States Trustee, J. Caleb Boggs

Federal Building, 844 N. King Street, Suite 2207, Lock Box 35, Wilmington, DE 19801, Attn:

Jaclyn Weissgerber (collectively, the "Notice Parties"), a disclosure declaration of such proposed

professional (the "Declaration") in the form attached hereto as **Exhibit C** on the later of:

(i) thirty (30) days after entry of an order of this Court granting the Motion; or (ii) prior to the

date such Ordinary Course Professional is compensated for services to the Debtors.  Such

Declaration shall set forth the following information: (a) a description of the effort(s) that were

taken to search for connections with parties in interest; (b) a description of the proposed scope of

services to be provided by the Ordinary Course Professional; (c) the rate(s) proposed to be

charged for the services; (d) all information otherwise required to be disclosed pursuant to

Bankruptcy Rule 2014; and (e) to the extent that the Ordinary Course Professional was not

providing services as of the Petition Date, the date on which such services began postpetition.

The Debtors will not make any payments to any Ordinary Course Professionals who have failed

to file such an Affidavit.

      16.     The Debtors further request that the Notice Parties have ten (10) days from

the date of the filing and service of the Declaration (the "Objection Period") to object to the

retention of the Ordinary Course Professional in question.  Any such objection must be timely

filed with this Court and served upon the Ordinary Course Professional, the Debtors, and the

Notice Parties.  If an objection is filed and cannot be resolved and/or withdrawn within twenty

(20) days after service of such objection, this Court shall adjudicate the matter at a hearing

scheduled by the Debtors at a mutually convenient time.[4]  If no timely objection is filed and received, or if an objection is withdrawn, the Debtors will be authorized to retain the Ordinary Course Professional on a final basis without further order of this Court.

17.    The Debtors request that they be authorized to employ and retain additional Ordinary Course Professionals not currently listed on **Exhibit B** hereto, from time to time as necessary, without the need to file individual retention applications or have a further hearing, by filing with this Court one or more supplements to **Exhibit B** (a "Supplemental Notice") and serving a copy of the Supplemental Notice upon the Notice Parties.  The Debtors propose that, as with the Ordinary Course Professionals set forth on **Exhibit B**, each additional Ordinary Course Professional be required to file and serve upon the Court and the Notice Parties an Declaration by the later of:  (a) thirty (30) days after the Supplemental Notice is filed; or (b) prior to the date such Ordinary Course Professional provides any services to the Debtors. The Notice Parties then would be given ten (10) days after service of each required Declaration to object to the retention of such professional.  Any objection will be handled pursuant to the procedures discussed above.  If no objection is submitted, or the objection is withdrawn, the Debtors will be authorized to retain the professional as an Ordinary Course Professional on a final basis without further order of this Court.

---

[4] If, after a hearing, the retention of an Ordinary Course Professional is not approved, such professional may still apply to this Court, pursuant to sections 330 and 331 of the Bankruptcy Code, for compensation for all work performed on behalf of the Debtors from the Petition Date through the date of an order denying such retention.

8

**Proposed Payment Procedure**

18.    The Debtors seek authority to pay, without formal application to and order from this Court, one hundred percent (100%) of the fees and expenses of each Ordinary Course Professional upon submission to, and approval by, the Debtors of an appropriate billing statement setting forth in reasonable detail the nature of the postpetition services rendered and expenses actually incurred; *provided, however*, that such fees and expenses do not exceed the maximum authority under the authorized caps established herein.  Further, the Debtors will not pay any fees or expenses to an Ordinary Course Professional unless (i) the professional has filed its Affidavit, (ii) the Objection Period has expired, and (iii) no timely objection is pending, or if a timely objection is received, no payment will be made until such objection is (a) resolved and withdrawn or (b) otherwise approved by the Court.

**B.    Monthly Payment Caps Proposed by the Debtors**

19.    The Debtors propose that they be permitted to pay fees and expenses of an Ordinary Course Professional, without formal application to this Court by any one Ordinary Course Professional, provided, however, that (i) the fees and disbursements for any one Ordinary Course Professional shall not exceed a total of $30,000 per month on average over a rolling four-month period to any Ordinary Course Professional, unless otherwise authorized by this Court and (ii) the aggregate monthly payments to Ordinary Course Professionals be limited to $100,000.00 unless otherwise authorized by this Court.

20.    If fees and disbursements for any one Ordinary Course Professional exceeds a total of $30,000 per month on average over a rolling four-month period, such Ordinary

Course Professional shall be required to apply for approval by the Court of such excess Ordinary

Course Professional's fees and expenses for such month under sections 330 and 331 of the

Bankruptcy Code but may otherwise be paid for amounts incurred in accordance with the relief

granted herein.

21.    The Debtors propose to except from such monthly limitations any

contingent fee amounts received by Ordinary Course Professionals from recoveries realized on

the Debtors' behalf.  In other words, the limitations would apply only to direct disbursements by

the Debtors.

22.    As a routine matter prior to the commencement of these cases, the Debtors

carefully reviewed all billing statements received from the Ordinary Course Professionals to

ensure that the fees charged were reasonable and that the expenses incurred were necessary.

This type of review will continue postpetition and, coupled with the proposed monthly payment

caps, will protect the Debtors' estates against excessive and improper billings.

**C.    Periodic Statements of Payments Made**

23.    The Debtors further propose to file a payment summary statement with

this Court not more than thirty (30) days after the last day of March, June, September and

December of each year these Cases are pending, or such other period as this Court directs, and to

serve such statement upon the Notice Parties.  The summary statement will include the following

information for each Ordinary Course Professional:  (a) the name of the Ordinary Course

Professional; (b) the aggregate amounts paid as compensation for services rendered and

reimbursement of expenses incurred by such Ordinary Course Professional during the statement

period; and (c) a brief statement of the type of services rendered.

## Authority For The Requested Relief

24.        Numerous courts, including courts in this district, have routinely granted

the same or similar relief to chapter 11 debtors in other chapter 11 cases.  *See, e.g., In re True*

*Religion Apparel, Inc.* Case No. 17-11460 (CSS) (Bankr. D. Del. July 31, 2017); *In re General*

*Wireless Operations Inc.*, Case No. 17-10506 (BLS) (Bankr. D. Del. Mar. 8, 2017); *In re*

*Bonanza Creek Energy, Inc.*, Case No. 17-10015 (BLS) (Bankr. D. Del. Jan. 4, 2017); *In re*

*Mineral Park, Inc.,* Case No. 14-11996 (KJC) (Bankr. D. Del. Sept. 23, 2014); *In re GSE*

*Environmental,* Case No. 14-11126 (MFW) (Bankr. D. Del. June 3, 2014).[5]

25.        The Debtors and their estates will be well served by authorizing the

retention of the Ordinary Course Professionals because of such professionals' past relationship

with, and understanding of, the Debtors and their operations.  It is in the best interest of all of the

parties and the creditors to avoid any disruption in the professional services rendered by the

Ordinary Course Professionals in the day-to-day operations of the Debtors' business.

## Notice

26.        Notice of this Motion shall be given to the following parties or, in lieu thereof, to

their counsel, if known: (a) the Office of the United States Trustee; (b) Key Bank National

Association and Zions Bank, (c) parties asserting liens against the Debtors' assets, and (d) counsel

---

[5] Because of the voluminous nature of the orders cited herein, they are not attached to the Motion. Copies of these
orders, however, are available upon request.

DOCS_DE:224071.1 50045/002

to the Official Committee of Unsecured Creditors.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### **No Prior Request**

27.     No prior request for the relief sought in this Motion has been made to this Court or any other court.

WHEREFORE, the Debtors respectfully request that this Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as this Court deems appropriate.

Dated: June 5, 2019

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*
Jeremy V. Richards (CA Bar No. 102300)
James E. O'Neill (DE Bar No. 4042)
John W. Lucas (CA Bar No. 271038)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile: (302) 652-4400
E-mail:  jrichards@pszjlaw.com
          joneill@pszjlaw.com
          jlucas@pszjlaw.com

Attorneys for Debtors and Debtors in Possession