IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| KONA GRILL, INC., et al.,[1] | ) Case No.: 19-10953 (CSS) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) |

Objection Deadline: October 18, 2019 at 4:00 p.m. (ET)
Hearing Date: October 29, 2019 at 2:00 p.m. (ET)

**MOTION FOR THE ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO (A) REJECT CERTAIN EXECUTORY CONTRACTS PURSUANT TO 11 U.S.C. § 365; AND (B) FIX A BAR DATE FOR CLAIMS OF COUNTERPARTIES**

**IF YOU HAVE RECEIVED THIS MOTION AND ARE A COUNTERPARTY TO AN AGREEMENT WITH KONA GRILL, INC. OR ANY OF ITS DEBTOR AFFILIATES LISTED BELOW, PLEASE REVIEW THIS MOTION IN ITS ENTIRETY, INCLUDING <u>EXHIBIT A</u> ATTACHED HERETO, TO DETERMINE IF THIS MOTION AFFECTS YOUR AGREEMENT AND YOUR RIGHTS THEREUNDER**

The above-captioned debtors and debtors in possession (the "<u>Debtors</u>") hereby file this motion (the "<u>Motion</u>") for entry of an order, (a) authorizing the rejection of certain executory contracts (the "<u>Rejected Contracts</u>"), as set forth on **Exhibit A** hereto, effective as of October 4, 2019 (the "<u>Rejection Effective Date</u>"); and (b) fixing a bar date for claims, if any, of the counterparties to each Rejected Contract (the "<u>Counterparties</u>"). In support of this Motion, the Debtors respectfully represent as follows:

## Jurisdiction

1.      The United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers include: Kona Grill, Inc. (6690); Kona Restaurant Holdings, Inc. (6703); Kona Sushi, Inc. (4253); Kona Macadamia, Inc. (2438); Kona Texas Restaurants, Inc. (4089); Kona Grill International Holdings, Inc. (1841); Kona Baltimore, Inc. (9163); Kona Grill International, Inc. (7911); and Kona Grill Puerto Rico, Inc. (7641). The headquarters and service address for the above-captioned Debtors is 15059 North Scottsdale Road, Suite 300, Scottsdale, Arizona 85254.

*Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtor confirms its consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and rule predicates for the relief sought herein are section 365(a) of title of the United States Code (the "Bankruptcy Code") and Rules 6006 and 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Background**

4. On April 30, 2019 (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued in the possession of their property and have continued to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

5. The factual background regarding the Debtors, including their current and historical business operations and the events precipitating their chapter 11 filings, is set forth in detail in the *Declaration of Christopher J. Wells, Chief Restructuring Officer in Support of First*

*Day Pleadings* (the "First Day Declaration") filed on the Petition Date and fully incorporated herein by reference.[2]

## Relief Requested

6. Through this Motion, the Debtors seek the entry of an order, pursuant to section 365 of the Bankruptcy Code and Bankruptcy Rule 6006, (a) authorizing and approving the Debtors' rejection of the Rejected Contracts,[3] effective as of the date of this Motion; and (b) fixing a bar date for claims, if any, of the Counterparties to each Rejected Contract. As set forth in detail below, the relief requested herein is in the best interest of the Debtors' estates and creditors. While many of the Debtors' executory contracts are being assumed by the Debtors and assigned to a buyer in connection with the sale of the Debtors' assets, such sale does not include the Rejected Contracts. Moreover, the Debtors have ceased operations, have no further use for the Rejected Contracts, and the Debtors, in the exercise of their business judgment, do not believe that that the Rejected Contracts have any net value to the Debtors' estates.

7. To the extent notice of the Debtors' intention to reject the Rejected Contracts has not been previously provided or to the extent not previously rejected by the Debtors, the filing and service of this Motion shall serve as notice to the Counterparties of the Debtors' intention to reject the Rejected Contracts listed on **Exhibit A** hereto.

## Basis for Relief

8. Section 365(a) of the Bankruptcy Code provides that a trustee or debtor in possession, "subject to the court's approval, may ... reject any executory contract or unexpired

---

[2] Capitalized term used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

[3] The Debtors reserve all rights with respect to the characterization of the Rejected Contracts and any rejection or other damages that may be asserted.

lease of the debtor." 11 U.S.C. § 365(a); *see also Univ. Med. Ctr. v. Sullivan (In re Univ. Med. Ctr.)*, 973 F.2d 1065, 1075 (3d Cir. 1992). "This provision allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed." *Stewart Title Guar. Co. v. Old Republic Nat'l Title Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (citing *In re Muerexco Petroleum, Inc.*, 15 F.3d 60, 62 (5th Cir. 1994)).

9. The decision to assume or reject an executory contract is a matter within the "business judgment" of the trustee. *See NLRB v. Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3d Cir. 1982) ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test."); *In re Taylor*, 913 F.2d 102, 107 (3d Cir. 1990); *see also In re Federal Mogul Global, Inc.*, 293 B.R. 124, 126 (D. Del. 2003); *In re HQ Global Holdings*, 290 B.R. 507, 511 (Bankr. D. Del. 2003). The business judgment standard mandates that a court approve a trustee's business decision unless the decision is the product of bad faith, whim or caprice. *See In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001); *see also Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course").

10. Rejection of an executory contract is appropriate where rejection of the contract would benefit the estate. *See Sharon Steel Corp. v. Nat'l Fuel Gas Distribution Corp. (In re Sharon Steel Corp.)*, 872 F.2d 36, 40 (3d Cir. 1989). The standard for rejection is satisfied when a trustee or debtor has made a business determination that rejection will benefit the estate. *See Commercial Fin. Ltd. v. Hawaii Dimensions, Inc. (In re Hawaii Dimensions, Inc.)*, 47 B.R.

425, 427 (D. Haw. 1985) ("under the business judgment test, a court should approve a debtor's proposed rejection if such rejection will benefit the estate.").

11. If the trustee's or debtor's business judgment has been reasonably exercised, a court should approve the assumption or rejection of an executory contract. *See, e.g., NLRB v. Bildisco & Bildisco*, 462 U.S. at 523 (1984); *In re Federal Mogul Global, Inc.*, 293 B.R. 124, 126 (D. Del. 2003).

12. In applying the business judgment standard, courts show great deference to the trustee's or debtor's decisions to reject. *See e.g., NRLB V. Bildisco & Bildisco*, 462 U.S. at 523 (1984); *In re Federal Mogul Global, Inc.*, 293 B.R. 124, 126 (D. Del. 2003) (court should approve a debtor's decision to reject a contract unless that decision is the product of bad faith or a gross abuse of discretion); *Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course").

13. Pursuant to section 365(a) of the Bankruptcy Code, the Debtors seek to reject the Rejected Contracts effective as of the Rejection Effective Date in order to avoid the possibility of incurring any additional expenses and costs. *See NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 530 (1984) (stating that rejection relates back to the petition date). Furthermore, a court may permit retrospective rejection to avoid unduly exposing a debtor's estate to unwarranted postpetition administrative or other expenses. *See In re Amber's Stores, Inc.*, 193 B.R. 819, 827 (N.D. Tex. 1996); *see also In re Thinking Mach. Corp.*, 67 F.3d 1021, 1028 (1st Cir. 1995) ("bankruptcy courts may enter retroactive orders of approval, and should do so when the balance of equities preponderates in favor of such remediation."); *In re Jamesway Corp.*, 179

B.R. 33, 37-38 (S.D.N.Y. 1995) (affirming bankruptcy court's retroactive approval of lease rejection); *see also In re CCI Wireless, LLC*, 297 B.R. 133, 140 (D. Col. 2003) (holding that a bankruptcy court "has authority under section 365(d)(3) to set the effective date of rejection at least as early as the filing date of the motion to reject").

14. The Debtors seek to reject the Rejected Contracts, in accordance with principles of sound business judgment, based on the belief that the Rejected Contracts are, and will continue to be, a burden to the Debtors' estates. As noted above, while many of the Debtors' executory contracts are being assumed by the Debtors and assigned to a buyer in connection with the sale of the Debtors' assets, such sale will not include the Rejected Contracts. Moreover, the Debtors have terminated their operations, have no further use for the Rejected Contracts, and, thus, the Rejected Contracts no longer provide any economic benefit to the Debtors in connection with their operations. Additionally, the Debtors have determined, in their reasonable business judgment, that there is no net value that can be realized from an attempt to market and assign the Rejected Contracts separately.[4] As a result, the Debtors have determined that the cost to the Debtors of performing their obligations under the Rejected Contracts and incurring unnecessary administrative expenses, will exceed any realistic sales price, and that rejection of the Rejected Contracts is thus in the best interests of the Debtors' estates and creditors. Finally, the Debtors do not believe that the value of any Rejected Contract will increase in the immediate future. For all of the above reasons, the Debtors submit that rejection

---

[4] The Debtors reserve all of their rights with respect to the determination of whether any Rejected Contract has been or will have been terminated or breached. In either event, the Debtors do not believe that assumption of the Rejected Contracts is in the best interests of their estates or their creditors and thus seek to reject the Rejected Contracts pursuant to this Motion.

of the Rejected Contracts is in the best interests of the Debtors' estates and creditors, and other parties in interest.

15. The Debtors may have claims against the Counterparties arising under, or independently of, the Rejected Contracts. The Debtors do not waive such claims by the filing of this Motion or by the rejection of the Rejected Contracts.

### Claims Bar Date

16. As set forth above, the Counterparties may seek to assert a rejection damage claim under section 502 of the Bankruptcy Code or other claims in connection with the Rejected Contracts. The Debtors further request by this Motion that the Court fix a claims bar date with respect to the Rejected Contracts of the later of (a) thirty (30) days after entry of an order granting the Motion, or (b) the general claims bar date to be established by subsequent order of the Court, failing which such claim or claims by the Counterparty shall be forever barred.

17. Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") provides: "[t]he court shall fix . . . the time within which proofs of claim may be filed." Bankruptcy Rule 2002(a)(7) requires at least twenty-one days' notice by mail of the time fixed for filing proofs of claim and interest pursuant to Bankruptcy Rule 3003(c)(3).

18. The Debtors request that the Court, in accordance with Bankruptcy Rule 3003(c)(3), establish a bar date that is the later of (a) thirty (30) days after entry of an order granting the Motion, or (b) the general claims bar date to be established by subsequent order of the Court, failing which such claim or claims by the Counterparty shall be forever barred.

19. The Debtors will give notice of such bar date to the Counterparties by service of the Order approving this Motion and fixing such bar date. The Debtors will serve such order within three (3) business days of its entry, thereby satisfying the requirements of Bankruptcy Rule 2002(a)(7). The Debtors reserve any and all rights to object to any rejection damage claims or other claims filed by any Counterparty.

### Notice

20. Notice of this Motion shall be given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Counterparties; (b) the Office of the United States Trustee; (c) Key Bank National Association and Zions Bank; (d) parties asserting liens against the Debtors' assets; and (e) counsel to the Official Committee of Unsecured Creditors. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

21. No previous request for the relief sought herein has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto, (i) granting the Motion, (ii) approving the rejection of the Rejected Contracts, effective as of the Rejection Effective Date, (iii) fixing a bar date for filing claims, if any, of the Counterparties to the Rejected Contracts; and (iv) granting such other and further relief as the Court may deem proper.

Dated: October 4, 2019                                    PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*
Jeremy V. Richards (CA Bar No. 102300)
James E. O'Neill (DE Bar No. 4042)
John W. Lucas (CA Bar No. 271038)
919 N. Market Street, 17th Floor
Wilmington, DE 91899
Tel: (302) 652-4100
Fax: (302) 652-4400
E-mail: jrichards@pszjlaw.com
            joneill@pszjlaw.com
            jlucas@pszjlaw.com

Attorneys for Debtors and Debtors in Possession