**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| KG Winddown, Inc.[1] | ) | Case No. 19-10953 (CSS) |
| | ) | (Jointly Administered) |
| Debtors. | ) | Related Docket No. 615 |

**ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) DISMISSING THE CHAPTER 11 CASES; (II) TERMINATING EPIQ AS NOTICE AND CLAIMS AGENT; AND (III) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the Debtors for entry of an order, pursuant to sections 105(a), 305, 349, 363(b)(1), 365. 554(a), and 1112(b) of title 11 of the Bankruptcy Code, Bankruptcy Rules 1017, 2002, 3003, and 6007, and Local Rule 1017-2 and section 303 of Delaware Corporation Law, dismissing the Chapter 11 Cases and granting related relief; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, including that the Debtors ceased all business operations and retained no unencumbered assets as of the closing of the Sale;

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers include: KG Wind Down, Inc. (f/k/a Kona Grill, Inc.) (6690); KGRH Wind Down, Inc. (f/k/a Kona Restaurant Holdings, Inc.) (6703); KGS Wind Down, Inc. (f/k/a Kona Sushi, Inc.) (4253); KGM Wind Down, Inc. (f/k/a Kona Macadamia, Inc.) (2438); KGTR Wind Down, Inc. (f/k/a Kona Texas Restaurants, Inc.) (4089); KGIH Wind Down, Inc. (f/k/a Kona Grill International Holdings, Inc.) (1841); KGB Wind Down, Inc. (f/k/a Kona Baltimore, Inc.) (9163); KGI Wind Down, Inc. (f/k/a Kona Grill International, Inc.) (7911); and KGPR Wind Down, Inc. (f/k/a Kona Grill Puerto Rico, Inc.) (7641).

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion

and upon all the proceedings had before the Court; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**ORDERED, ADJUDGED AND DECREED THAT:**

1.  The Motion is GRANTED.

2.  All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled on the merits and denied with prejudice.

3.  Pursuant to sections 1112(b) of the Bankruptcy Code, the Chapter 11 Cases of the following debtors are hereby dismissed:

| **Debtor** | **Case Number** |
|---|---|
| KG Wind Down, Inc. (f/k/a Kona Grill, Inc.) | 19-10953-CSS |
| KGRH Wind Down, Inc. (f/k/a Kona Restaurant Holdings, Inc.) | 19-10954-CSS |
| KGS Wind Down, Inc. (f/k/a Kona Sushi, Inc.) | 19-10955-CSS |
| KGM Wind Down, Inc. (f/k/a Kona Macadamia, Inc.) | 19-10956-CSS |
| KGTR Wind Down, Inc. (f/k/a Kona Texas Restaurants, Inc.) | 19-10957-CSS |
| KGIH Wind Down, Inc. (f/k/a Kona Grill International Holdings, Inc.) | 19-10958-CSS |
| KGB Wind Down, Inc. (f/k/a Kona Baltimore, Inc.) | 19-10959-CSS |
| KGI Wind Down, Inc. (f/k/a Kona Grill International, Inc.) | 19-10960-CSS |

| **Debtor** | **Case Number** |
|---|---|
| KGPR Wind Down, Inc. (f/k/a Kona Grill Puerto Rico, Inc.) | 19-10961-CSS |

4. Notwithstanding anything in the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules to the contrary, including, without limitation, section 349 of the Bankruptcy Code all prior orders of this Court made during the course of these Chapter 11 Cases and any related adversary proceedings, including, without limitation, the Final DIP Order [Docket No. 165], the Sale Order [Docket No. 428], the Initial Order [Docket No. 615] shall remain in full force and effect, shall be unaffected by the dismissal of these Chapter 11 Cases, and are specifically preserved for purposes of finality of judgment and *res judicata*.

5. Each of the Professionals' retentions by the Debtors' estates is terminated without the need for further action on the part of this Court, the Debtors, or such firms. Notwithstanding anything to the contrary herein, the Court shall retain jurisdiction to consider and rule on any final fee applications following entry of this Order, to the extent necessary.

6. Epiq, as the Debtors' claims and noticing agent, is relieved of its responsibilities as the Debtors' claims and noticing agent in these cases; provided that Epiq shall provide the services described in this paragraph and to the extent its fees and costs have not otherwise been satisfied shall be entitled to payment and reimbursement of such fees and costs; provided further, that Epiq shall continue to serve as claims and noticing agent for the Debtors until these Chapter 11 Cases has been closed. Notwithstanding anything in Local Rule 2002- 1(f)(ix) to the contrary, within fourteen (14) days after the entry of this Order, Epiq shall (i) forward to the Clerk of the Court an electronic version of all imaged claims, (ii) upload

the creditor mailing list into CM/ECF, (iii) docket a combined final claims register containing claims against each Debtor, and (iv) box and transport all original claims to the Philadelphia Federal Records Center, 14700 Townsend Road, Philadelphia, Pennsylvania 19154 and docket a completed SF-135 Form indicating the accession and location numbers of the archived claims

7. To the extent applicable, the 14-day stay to effectiveness of this Order provided by Bankruptcy Rule 6004(h) is waived and this Order shall be effective and enforceable immediately upon entry.

8. The Debtors are authorized to take any and all actions necessary or appropriate to effectuate the relief granted pursuant to this Order.

9. Notwithstanding the dismissal of the Chapter 11 Cases, to the extent allowed by applicable law, this Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation, interpretation, or enforcement of this or any other Order of this Court entered in the Chapter 11 Cases.

Dated: May 22nd, 2021  
Wilmington, Delaware

CHRISTOPHER S. SONTCHI  
UNITED STATES BANKRUPTCY JUDGE

DOCS_SF:102829.2 50045/002